(119 App. Div. 132)

### RICE v. EISLER.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

EVIDENCE—HEARSAY.

Plaintiff sued on a note made by defendant to plaintiff's son and indorsed by the son to plaintiff. It was given as part payment for the assignment to defendant by the son of a contract for the conveyance of real estate, and was made payable subsequent to the date fixed for the passing of title. At the time it was given the son agreed to repay defendant the amount of the note, if the title proved to be defective. *Held,* that evidence

of a conversation between the vendor, plaintiff's son, and the defendant, on the day the title was to be passed, that the title was defective and was rejected, was competent and not hearsay as to plaintiff, though he was not present.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1177.]

Appeal from Municipal Court of New York.

Action by Solomon Rice against Joseph Eisler. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., JENKS, HOOKER, RICH, and GAYNOR, JJ.

W. H. Burby, for appellant.

M. Hallheimer, for respondent.

GAYNOR, J. This action is on a promissory note for $400. The defendant made it to the plaintiff's son, and he indorsed it to the plaintiff. The plaintiff's son assigned to the defendant for $700 a contract which he had for the conveyance of real estate to him. The defendant paid $300 of this in cash, that being the amount which the son had paid on account when the contract was made, and for the balance of $400 this note was given, payable to the said son's order on a date subsequent to the date fixed for the passing of title. At the same time the said son gave to the defendant a written agreement that if the title proved to be defective and unmarketable, he would pay back to the defendant $400. This with the $300 paid on account and which the seller of the real estate would have to pay back to him on the failure to give a good title would leave the defendant whole.

The answer pleads as a defense that the title to the land was defective and was not conveyed, that the consideration for the said note thereby failed and that the plaintiff took the said note of his son with knowledge thereof. The learned counsel for the defendant therefore tried by a series of questions to get in evidence what occurred on the contract day when the parties, viz., the seller, the buyer (the plaintiff's son) and this defendant met to pass the title, but general objections to them were sustained. He wanted to prove the conversation of the parties in order to show that the title was rejected. This evidence was of course competent, as the defendant could not prevail without proving as a first step that the title was rejected. It was also competent as proving that the title was bad. It might have shown, as alleged in the defense, that all of the persons concerned (including the buyer, the said son) agreed that the title was bad, the defect therein being that the house encroached upon the street, and that the $300 paid on account was paid back by the seller, and that he was released; and if the plaintiff acquired the note with knowledge of all this, he took it subject to the defense of failure of consideration, or that it could not be collected by the son owing to his said agreement with the defendant. The proposed evidence was not hearsay in respect of the plaintiff, who was not present, but direct evidence of a competent and necessary fact. After being prevented from proving this there was no reason for the defendant to persist further for he could not prevail without it.

The record of the trial in this case is a most deplorable one. The counsel for the plaintiff persisted in continuous objections which were

without foundation or merit, and vexatious to the last degree, but the justice who tried the case upheld them in an arbitrary and technical manner. Instead of deprecating such a course of conduct he gave every encouragement to it. If there was ever a case which needed to be tried with a purpose to see that a wrong should not be done, this is one. Instead, however, the defendant was perplexed and baffled by all sorts of technical and unfounded objections and rulings, and now finds himself with a judgment against him for a note for which he has derived no consideration. The defendant succeeded in getting some evidence into the case in the midst of all kinds of unreasonable difficulties and perplexities which would support a finding of fact that the son was the mere dummy of the father in the whole transaction, which would of course charge the latter with knowledge of each step in the transaction as it occurred.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial granted; costs to abide the event. All concur.